IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:12-cr-00519-TLW-1 |
| v. | **Order** |
| Marquis Sentel Taylor | |

This matter is before the Court on Defendant's motion to compel the Government to file a motion pursuant to Fed. R. Crim. P. 35(b) in his case. ECF No. 93. The Court issued a text order directing the Government to respond within 30 days, and when the Government did not do so, he filed a motion for default judgment. ECF Nos. 94, 97. The Government then responded, opposing the request. ECF No. 98. He was sentenced to 120 months incarceration, which took into account a four-level downward departure based on his cooperation with the Government. His sentence was recently reduced to 100 months pursuant to Amendment 782 to the sentencing guidelines.

Rule 35(b) provides that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the government. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a government motion only if (1) the government has obligated itself in a plea agreement to move for a departure; or (2) the government's refusal to move for a departure is based on an unconstitutional motive. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992)). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal contract principles. *See United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994); *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a

1

"substantial threshold showing" that the government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. *See United States v. Taylor*, No. 97-5002, 1999 WL 30928, at *3 (4th Cir. Jan. 26, 1999) (requiring a substantial threshold showing on the first factor); *Wallace*, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case, the Court concludes that there is no appropriate basis to reduce Defendant's sentence. Specifically, the Government has not made a Rule 35(b) motion and he has not presented evidence that the Government obligated itself to file such a motion. Additionally, the Court cannot conclude that he has made a substantial threshold showing of an unconstitutional motive as required to obtain relief under *Wallace*. In sum, he has provided no basis to compel a reduction of his sentence under Rule 35(b). Accordingly, his motion to compel, ECF No. 93, is hereby **DENIED**.

Additionally, his motion for default judgment, ECF No. 97, is also **DENIED**, as Rule 55(d) of the Federal Rules of Civil Procedure, which he cites in his motion, has no application in this context. He is not entitled to a reduced sentence based on the Government's failure to timely respond to his motion to compel a reduction. *Cf. Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning, in a habeas corpus matter, that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer").

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

November 30, 2015
Columbia, South Carolina