IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:12-cr-00519-TLW-1 |
| v. | **Order** |
| Marquis Sentel Taylor | |

This matter is before the Court on Defendant's motion for reconsideration, ECF No. 102, of the Court's prior order denying his motion to compel the Government to file a Rule 35(b) motion in his case.

Defendant pled guilty to a drug conspiracy charge and was sentenced to 120 months incarceration, which took into account a four-level downward departure based on his cooperation with the Government. His sentence was recently reduced to 100 months pursuant to Amendment 782 to the sentencing guidelines.

Defendant filed a motion to compel the Government to file a Rule 35(b) motion in his case, asserting that he provided substantial assistance by assisting law enforcement with several controlled buys of cocaine, by providing information about two individuals who have been federally indicted, and by his family providing information regarding a shooting. ECF No. 93 at 2. The Government filed a response in opposition, though the response did not specifically state whether or not he provided substantial assistance, instead asserting that "[w]ithout even reaching the question of whether he has provided unrewarded substantial assistance, his motion does not provide a proper basis to compel a reduction of his sentence under Rule 35(b)." ECF No. 98 at 2. The Court denied the motion, concluding that he had not set forth a sufficient basis to compel a reduction in his sentence. ECF No. 99. He then filed this motion to reconsider, asserting that the Government should not be permitted to stay silent and should instead be required to affirmatively

1

state whether or not he provided substantial assistance pursuant to the terms of his plea agreement.

A court may grant a downward departure in the absence of a government motion only if (1) the government has obligated itself in a plea agreement to move for a departure; or (2) the government's refusal to move for a departure is based on an unconstitutional motive.  *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992)).  There is no allegation of any unconstitutional motive in this case, so the focus is on the first ground—whether the Government obligated itself in a plea agreement to move for a departure.

Defendant's plea agreement provides that if he cooperates with the Government "and that cooperation is deemed by the Government as providing substantial assistance . . . , the Government agrees to move the Court for a . . . reduction of sentence . . . ."  ECF No. 61 at ¶ 11.  In his motion to reconsider, he asserts that "the government is mandated by the plea agreement to make a determination as to Defendant's 'substantial assistance,'" but that the Government has chosen to stay silent on this question because it knows that if it states that he provided substantial assistance, it is obligated by the plea agreement to file a Rule 35(b) motion on his behalf.  ECF No. 102 at 3.

After consideration of Defendant's position, the Court directs the Government to (1) respond to the motion to reconsider; and (2) address the question of whether Defendant has provided substantial assistance warranting a Rule 35(b) motion under the terms of the plea agreement.  The Government shall file its response within 14 days of the filing of this order.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 10, 2016
Columbia, South Carolina